UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAVIGATORS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DIALOGIC INC. formerly known as VERAZ NETWORKS INC. and DOES 1-50<br><br>Defendants. | Case No. 13-cv-05954-RMW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Re Docket No. 11] |

Defendant Dialogic Inc. ("Dialogic") moves to dismiss plaintiff Navigators Insurance Company's ("Navigators") complaint for failure to join a necessary party under Federal Rule of Civil Procedure 12(b)(7). Dkt. No. 11. As explained below, Liberty Insurance Underwriters Inc. ("Liberty") and W.R. Berkley Corporation ("Berkley") are necessary parties to this action. Because joining them would destroy diversity and this court's jurisdiction, the court GRANTS the motion to dismiss under Rule 12(b)(7).

**I. Background**

Navigators filed this declaratory judgment action to determine whether a claim submitted by Dialogic is within the scope of coverage of a 2007 Navigators Excess Insurance Policy. Dkt. No. 1, Compl. at ¶¶ 1,2.

From April 4, 2007 to April 4, 2008, Liberty was Dialogic's primary insurer ("2007 Liberty Policy"). *Id.* ¶ 10. The 2007 Liberty Policy covers claims made during the policy period and has a $5 million coverage limit (after satisfaction of a deductible). *Id.* ¶¶ 10, 11. The 2007 Liberty Policy also covers claims from "Interrelated Wrongful Acts" which are generally acts that have the same common nexus as acts claimed during the policy period. *Id.* ¶¶ 38, 40.

During same 2007-2008 period, Navigators was Dialogic's excess insurer ("2007 Navigators Excess Policy"). *Id.* ¶¶ 9-11. The Navigators policy covers certain losses that exceed the coverage limits in the Liberty policy. *Id.* ¶¶ 10, 11, 34.

From April 4, 2010 to April 4, 2012, Liberty was again Dialogic's primary insurer ("2010 Liberty Policy"), with the same $5 million limit. *Id.* ¶ 17. During this time, Berkley, rather than Navigators, provided excess insurance ("2010 Berkley Excess Policy"). Dkt. No. 11-1 (Katz Decl.) ¶ 5.

Dialogic has filed two insurance claims with Liberty relevant to this action: the 2008 Claim and the 2011 Claim. The 2008 Claim requested coverage under the 2007 Liberty Policy. Compl. ¶ 12. Liberty provided coverage, and the $5 million limit was not exhausted. Therefore, the 2007 Navigators Excess Policy was not triggered. Katz Decl. ¶ 6. The 2011 Claim requested coverage under the 2010 Liberty Policy, but Liberty determined that the 2011 Claim was interrelated with the 2008 Claim and therefore fell within the 2007 Liberty Policy. Compl. ¶¶ 18, 21. To date, the combined 2008 and 2011 Claims have not exhausted the $5 million limit, but "further amounts may be incurred in connection with the 2011 Claim." Katz Decl. ¶ 7.

One important question that must be resolved is whether the 2011 claim is related to the 2008 claim under Liberty's "Interrelated Wrongful Acts" provision. If the claims are interrelated, then the 2007 Liberty Policy's $5 million coverage limit will apply to both the 2008 and 2011 Claim, and once exhausted Navigators will be obligated to provide excess coverage. If the claims are not interrelated, then the claims will be applied to the separate 2007 and 2010 primary policies and Navigators will not have to provide excess coverage to the 2011 claim. Instead, Berkley will provide excess coverage for the 2011 claim.

## II. Analysis

Dialogic moves to dismiss this action under Rule 12(b)(7) for failure to join a necessary or indispensable party under Rule 19.

> A Rule 19 motion poses three successive inquiries. First, the court must determine whether a nonparty should be joined under Rule 19(a). That nonparty (or absentee) is now referred to as a 'person required to be joined if feasible.' If an absentee meets the requirements of Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined. Finally, if joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee or whether the action must be dismissed. A nonparty in whose absence an action must be dismissed is one who not only has an interest in the controversy, but has an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.

*E.E.O.C. v. Peabody W. Coal Co.,* 610 F.3d 1070, 1078 (9th Cir. 2010) (internal quotations and citations omitted).

### A. Liberty and Berkley are necessary parties under Rule 19(a)

Under Rule 19(a)(1), a party is necessary if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Both Liberty and Berkley are necessary parties. Liberty, as the primary insurer, is necessary because the court must interpret Liberty's "Interrelated Wrongful Acts" provision, and Liberty's liability to Dialogic depends on that interpretation. If Liberty covers the 2011 claim under the 2007 Liberty Policy, Liberty is only subject to $5 million in insurance payments. If Liberty covers the 2011 claim under the 2010 Liberty Policy, Liberty could be required to pay significantly more (up to $5 million under the 2010 Policy plus amounts already paid for the 2008 Claim under the 2007 Policy). Thus, Liberty has "an interest relating to the subject of the action and is so situated that

1  disposing of the action in [Liberty's] absence may . . . as a practical matter impair or impede
2  [Liberty's] ability to protect the interest." Rule 19(a)(1)(B)(i); *see also Rhone-Poulenc Inc. v. Int'l*
3  *Ins. Co.*, 71 F.3d 1299, 1302 (7th Cir. 1995) ("[A] suit against an excess insurer cannot proceed in
4  the absence of the primary insurers until the latter have acknowledged their liability to the insured or
5  have been determined by a court to be liable to him.") (citing *Witco Corp. v. Travelers Indemnity*
6  *Co.*, 1994 WL 706076, at *4 (D.N.J. April 7, 1994); *Shell Oil Co. v. Aetna Casualty & Surety Co.*,
7  158 F.R.D. 395, 400-01 (N.D. Ill. 1994); *City of Littleton v. Commercial Union Assurance Cos.*, 133
8  F.R.D. 159, 162-63 (D. Colo. 1990)); *see also Zurich Am. Ins. Co. v. Electronics For Imaging, Inc.*,
9  No. C 09-02408 WHA, 2009 WL 2252098 (N.D. Cal. July 28, 2009).

Berkley is also a necessary party because if the 2011 claim is not interrelated to the 2008 Claim, Berkley is allegedly liable as the excess insurance provider. *See, e.g., Employers Insurance of Wausau v. Jostens*, 181 F.R.D. 623 (D. Minn 1998).

Navigators argues that Liberty is not necessary because (1) Liberty is providing coverage for the 2011 claim and (2) there are no pending state proceedings that could be inconsistent with the outcome in this case. Neither argument is persuasive.

First, the amount of coverage Liberty must provide depends on whether the claims are interrelated. Thus, even though Liberty has provided coverage to date, it may not provide the full coverage that Dialogic believes it is entitled to. Second, Rule 19 is designed to avoid conflicting results, whether or not conflicting litigation is currently pending. Although other cases involved concurrently pending state and federal suits, the outcome of the cases finding that primary insurers are necessary to determining an excess insurer's liability did not depend on that fact.

**B. Joining Liberty or Berkley would destroy diversity and this Court's subject matter jurisdiction**

The court has diversity jurisdiction over this case. Compl. ¶ 8. Diversity jurisdiction requires complete diversity. *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).

At the hearing on the motion to dismiss, Navigators argued for the first time that Dialogic failed to adequately prove the citizenship of Berkley and Liberty. Accordingly, the court ordered Navigators to submit additional declarations testifying to the corporate citizenship of each company.

*See* Dkt. No. 16. In response Dialogic submitted a declaration from Michael C. Nicolai testifying that Berkley is a citizen of Delaware and Connecticut. Dkt. No. 17-1. Dialogic also submitted another declaration from its counsel testifying that Liberty is a citizen of Illinois and New York. Dkt. No. 17-2. Navigators filed a response, as authorized by the court, and did not object to this proof. Dkt. No. 18. Accordingly, the court concludes that joining either non-party would destroy diversity and divest the court of jurisdiction.

Navigators argues that Liberty and Berkley could be brought into the case if Dialogic joined them as third-party defendants under Rule 14 and the court exercised supplemental jurisdiction over them. Navigators does not cite any support for this position. In fact, under Rule 14(a)(1), "[a] defending party [Dialogic] may, as third-party plaintiff, serve a summons and complaint on a nonparty [Liberty or Berkley] who is or may be liable to it for all or part of the claim against it [Dialogic]." Here, Dialogic cannot be liable to Liberty or Berkley—it is the other way around. Therefore, Rule 14 does not apply, and there is no way to bring Liberty or Berkley into the suit without destroying diversity.

**C. Liberty and Berkley are indispensable under Rule 19(b)**

Under Rule 19(b), "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." The factors to consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>   (A) protective provisions in the judgment;
>
>   (B) shaping the relief; or
>
>   (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

The Rule 19(b) factors reiterate many of the considerations that inform a 19(a) analysis. *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §§ 1604, 1608 (1986).

In this case, the factors weigh in favor of requiring dismissal. First, a judgment rendered in favor of Navigators—that it is not liable—will prejudice Dialogic because it could leave Dialogic without excess coverage. A judgment in favor of Dialogic—that the claims are not interrelated—could prejudice both Liberty and Berkley because its implies that they will be liable. That may "as a practical matter, prejudice [Liberty and Berkley] since it will weaken their ability to protect their interests in related state proceedings." *See Zurich*, 2009 WL 2252098 at *4. Second, there is no feasible method to reduce the prejudice to the parties by fashioning the judgment. The outcome of this case would not have preclusive effect on Liberty or Berkley, and there is no way to fashion relief to ensure that Dialogic receives excess coverage. *Id.* at *4. Third, judgment in Liberty or Berkley's absence could be inadequate because it would not conclusively determine the coverage limits of all parties. Finally, all parties and non-parties are subject to state court jurisdiction, and Navigators would have an adequate remedy there. *Id.* at *5.

### III.  Order

For the reasons explained above, the court GRANTS the motion to dismiss.

Dated: May 27, 2014

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge